PENNSYLVANIA RAILROAD COMPANY v. WILLIAMSON.

[No. 12,434.   Filed June 10, 1927.   Rehearing denied November 1, 1927.]

1.  RAILROADS.—*Answers to interrogatories held not to show that railroad was not negligent.*—In an action against a railroad company for personal injuries in a crossing accident, the jury's answers to interrogatories, which did not cover plaintiff's charges that defendant was negligent in failing to protect the crossing by gates, flagman or other means, and in improperly caring for the plaintiff after his injury, did not show, as a matter of law, that defendant was not negligent.  p. 437.

2.  RAILROADS.—*Answers to interrogatories did not show contributory negligence of plaintiff in not looking for approach of train at certain distances from the crossing at which he was injured.*—In an action against a railroad company for injuries received in a crossing accident, resulting from a collision between defendant's train and a truck in which plaintiff was riding, answers to interrogatories stating that plaintiff and the driver of the truck had a clear and unobstructed view of the train for 721 feet when seventy-three feet from the crossing, for 967 feet when they were fifty feet from the crossing, and

for a distance of a half mile when twenty-three feet from the crossing, did not show contributory negligence of the plaintiff, as a matter of law, in not looking in the direction of the train at any of such points.   p. 438.

3.  DAMAGES.—*Instruction that railroad would be liable for increased damages by aggravation of plaintiff's injuries from improper care after accident held not error.*—In an action against a railroad company for injuries received in a collision between plaintiff's truck and a train, an instruction that if plaintiff was rendered unconscious by the injuries received and was in a helpless condition, and the defendant assumed charge of him and undertook to direct the care and attention which should be given him, defendant would be liable for increased damages by aggravation of his injuries resulting from a failure to use reasonable care in caring for the plaintiff after the accident, was not error.   p. 439.

4.  APPEAL.—*Instructions on doctrine of "last clear chance" harmless to defendant where jury found for defendant on that issue.*—Where answers to interrogatories clearly showed that the jury found for the defendant on the doctrine of "last clear chance," the defendant was not harmed by the giving of instructions attempting to state that doctrine, even though the evidence was not such as to warrant a recovery under that rule.   p. 440.

From Randolph Circuit Court; *Alonzo L. Bales,* Judge.

Action by Robert J. Williamson against the Pennsylvania Railroad Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*   By the court in banc.

*Walter G. Parry, W. E. Keisker* and *John L. Rupe,* for appellant.

*Fred S. Caldwell, Clyde N. Chattin* and *Russell E. Wise,* for appellee.

McMAHAN, J.—Complaint by appellee to recover damages to his person and to a truck caused by a collision between one of appellant's trains and his truck. The complaint alleges that the collision which took place at a crossing of a public highway with appellant's railroad at Dunreith, Henry county, was caused by reason

of appellant's negligence, in that, the train was being operated:    (1) At a high and dangerous speed without giving sufficient warning; (2) without giving the statutory signals; (3) in failing to protect the crossing with gates, gong or some device to warn travelers of the approach of the train; (4) that appellant's servants in charge of the train saw and knew appellee was in a position of peril, in time to have prevented the collision; and (5) that appellant failed to give appellee proper care after the accident and thereby aggravated the injury.

Appellant contends the court erred in overruling its motion for judgment on the answers of the jury to interrogatories and in overruling its motion for a new trial.

The facts as disclosed by the answers to the interrogatories are, in substance, as follows:    On September 17, 1923, before 6 a. m., the day being bright, appellee, while riding in a truck loaded with household goods, and accompanied by an employee of his who was driving the truck, was struck by one of appellant's trains running from New York to St. Louis and passing through Dunreith without stopping, and which approached the crossing from the east at a speed of from fifty to sixty miles an hour.    The cab of the truck was enclosed except for a door on the west, the driver being seated on the west side of the cab and appellee on the east.    A person riding in the cab could readily see along the railroad track in either direction.    The engineer sounded the whistle before reaching the crossing.    The bell was ringing from a point eighty rods from the crossing until the engine passed over the crossing.    The truck ran from the interurban station (location not given) onto the crossing at a speed of from four to six miles an hour, and without stopping.    The engineer saw the truck approaching the crossing, as it was about to cross the

north switch track (location of switch track not given). The engineer sounded the whistle as a warning when he first saw the truck approaching the crossing, and he believed the driver of the truck saw the train and would stop before going onto the railroad crossing. When the truck did not stop after the warning whistle had been given, the engineer applied the emergency brakes and sand, and did all that could be done to stop the train and to check the speed of the train after discovering that the truck was evidently going on the track. When appellee and his driver were twenty-three feet north of the center of the track, they had a clear and unobstructed view of the track to the east for a half-mile. At a point fifty feet north of the center of the crossing, they had such view to the east for a distance of 967 feet, and at seventy-three feet, they had such a view for 721 feet. The train approached from the east. If the driver of the truck had desired, he could have stopped the truck within a distance of two to three feet. The hearing and eyesight of appellee and his driver were good.

Appellant contends that the facts as found by the jury, as a matter of law, show appellant was not guilty of any negligence and that appellee was negligent, and that the negligence of appellee was a proximate cause of the injury. To support this contention, appellant says the answers "cover each allegation of the complaint, excepting only the charge of improper care after the accident, and this was omitted because there was no claim on the trial that there was any right of recovery upon that ground."

This contention cannot prevail. Improper care of appellee after the injury was one of the charges in issue as shown by the pleadings. The alleged negligence of appellant in failing to protect the crossing by gates, flagman, or other means was also

presented by the pleadings. The interrogatories failed to cover these two charges of negligence. This being true, the answers of the jury do not show as a matter of law that appellant was not negligent.

Does the fact that, when appellee was at points twenty-three, fifty, and seventy-three feet north of the track,

2. he could from the respective distances see a train to the east one-half mile, 967 and 721 feet conclusively show that appellee was guilty of negligence which proximately contributed to his injury?

If, as a matter of law, appellee, in the exercise of reasonable care, should have looked to the east when at the three named points, and if by looking when at such points, he in the exercise of reasonable care, could then have seen the train and in the exercise of reasonable care could and should have stopped before venturing over the crossing and thus have prevented the injury, the answers would show that he was guilty of such negligence as would prevent a recovery. Suppose appellee should have, and actually did look to the east when seventy-three feet from the crossing. According to the answers of the jury to the interrogatories, he might have seen the train if it was at that time at a point 721 feet from the crossing. But, according to the answer of the jury to another interrogatory, the train at that time might have been 1,095 feet away from him and not within the range of his vision. So that looking to the east at that point might not have been of any avail. We do not know whether he looked to the east while traveling from the point seventy-three feet away until he reached the fifty foot point. Nor do we know whether, by looking while traveling between said two points, he could have seen a train or whether his vision between those points was obstructed. Neither can we say, as a matter of law, that he should have looked to

the east when fifty feet from the crossing, or if he had looked to the east while traveling from that point to the twenty-three foot point from the crossing he could have seen the train. He may have looked to the east when seventy-three feet away and then turned his vision and looked to the west until after having passed the fifty foot point, after which, he may have again looked to the east at some point where his vision to the east was obstructed, and the same thing may have happened after he passed the twenty-three foot point. The fact, if it be a fact, that appellee did not look to the east at any one point or at any one of the three points does not as a matter of law mean he was negligent. There was no error in overruling the motion for judgment on the answers to the interrogatories.

The next contention is that the court erred in giving instruction No. 17. By this instruction, the court told the jury that if appellee was rendered unconscious by the injuries received and was in a helpless condition and if, while in that condition, appellant assumed charge of him and undertook to direct the care and attention which should be given him, it was then the duty of appellant to give him such care as his condition and the surrounding circumstances rendered practicable, that is, under the circumstances, it was the duty of appellant to use reasonable care in giving such attention, and if it failed in that regard and if by reason of a failure to use reasonable care in caring for appellee, his injuries were aggravated with a resultant increase in damages suffered by appellee by reason of his injuries, appellant would be liable for such increased damages. There was no error in giving this instruction.

3.

Appellant also complains of the action of the court in giving instructions Nos. 15 and 16 relating to the last

clear chance rule. The objection to these two
4. instructions is, that the evidence is not such as
to warrant a recovery under that rule. The an-
swers of the jury to the interrogatories clearly show
that the jury found in favor of appellant on the issue
of last clear chance. Under such a condition of the rec-
ord, appellant was not harmed by the giving of these
instructions.

The evidence is sufficient to sustain the verdict.

Judgment affirmed.

Dausman, J., absent.